Regis Fernandez, Esq. (RF-0555)   **CONSTRUCTIVE DETENTION**
7 Federal Square        **ICE ANKLE BRACELET**
Newark, New Jersey 07102
(973) 297-0002 (tele)
(973) 297-0003 (fax)
regisfernandez@aol.com
Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEILLA PETIT JEAN, )<br>  A078-745-547, )<br>    **Petitioner,** )<br>**v.** )<br> )<br>**PAM BONDI,** )<br>**Attorney General of the** )<br>**United States of America, and,** )<br> )<br>**KRISTI NOEM,** )<br>**Secretary of the Department of** )<br>**Homeland Security, (DHS) and,** )<br> )<br>**TODD LYONS,** )<br>**Acting Director,** )<br>**United States Immigration and** )<br>**Customs Enforcement (ICE), and,** )<br> )<br>**JONATHAN FLORENTINO,** )<br>**Acting Director, Newark Field Office,** )<br>**Enforcement and Removal Operations,** )<br>**U.S. Immigration and Customs** )<br>**Enforcement (Newark ICE), and** )<br> )<br> )<br>  **Respondents.** )<br>_____ ) | Civil Action No.<br><br>Hon. |

## **VERIFIED HABEAS CORPUS PETITION**

## INTRODUCTION

1. The Petitioner is a 50-year-old female, native and citizen of Haiti who entered the United States on or about July 25, 2000 and has been living in New Jersey for over 25 years.  She is the mother of a US citizen daughter age 20.

2. Petitioner hereby petitions the U.S. District Court to declare her to be in constructive custody and rule that her anticipated physical detention at her next ICE check-in on February 4, 2026 unlawful and unconstitutional as applied to her and in violation of the Administrative Procedures Act and due process of law.

3. In addition, Petitioner petitions this court to restrain the Respondents from detaining her and to stay her removal to outside of the New Jersey jurisdiction until this habeas matter is resolved. Most importantly, Petitioner moves this Court to declare her constructive constraint under the ankle monitoring program unlawful detention since she is protected under TPS and should not have been placed under this very restrictive form of constructive custody in the first place.

4. Absent a last-minute stay by this or another federal court, ICE will seek to detain her unlawfully by stripping her of TPS protection in violation of the APA and due process. At a minimum, Respondents should be enjoined from detaining her until the federal courts rule on the actual termination of TPS.  See Attached Exhibit A. Order, Lesly Moit, et al. v. Trump, 25-cv-02471(ACR)(D.D.C. February 2, 2026)(District Judge Ana C. Reyes extending Haitian Temporary Protected Status pending judicial review). Respondents should be enjoined from detaining her as her TPS cannot be revoked in violation of the APA.  In addition, Petitioner should

not be detained while USCIS processes the reinstatement of her mother's petition and until her accompanying paperwork for consular processing is completed.

## JURISDICTION

5.   This action arises under the United States Constitution and the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq., and Administrative Procedures Act. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241 et. seq., and Art. I & 9, Clause 2 of the United States Constitution (Suspension Clause). Petitioner is in the constructive custody (ISAP Program via BI SmartLINK ankle monitor) of Jonathan Florentino, Acting Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, (ICE) New Jersey, New Jersey under the authority of the United States in violation of the Constitution and laws of the United States.

## VENUE

6.   Venue lies in this Court because Petitioner resides in New Jersey and is subject to restrictions on her liberty via an ankle bracelet through ICE Newark and Petitioner has an ICE check-in on February 4, 2026 in Newark, New Jersey where she anticipates being physically detained.  Furthermore, all the acts and omissions and misapplication of the law occurred in New Jersey.

## PARTIES

7.   Petitioner is a 50-year-old unmarried female, native and citizen of Haiti who has lived in New Jersey since 2000. As a "person" under the U.S. Constitution, she seeks issuance of a writ of habeas corpus and challenges her anticipated unlawful

detention and restraints on her liberty. She is not an "arriving alien" at our borders as Respondents new policy alleges of all persons who came in without inspection or were not "admitted."

8.    Respondent Pam Bondi is sued in her official capacity as the Attorney General of the United States.  In this capacity she is responsible for administering and enforcing the immigration laws pursuant to 8 U.S.C. § 1103 and is the Petitioner's legal custodian.

9.    Respondent Kristi Noem is sued in her official capacity as Secretary of the Department of Homeland Security the agency in charge of administering and enforcing the immigration laws in New Jersey and is the Petitioner's legal custodian.

10.    Respondent Todd Lyons is sued in his official capacity as the Acting Director of the United States Immigration and Customs Enforcement (ICE) the department within the Department of Homeland Security and in this capacity, he is responsible for administering and enforcing the immigration laws in New Jersey and is Petitioner's legal custodian.

11.    Respondent Jonathan Florentino is sued in his official capacity as the Acting Director of Newark Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement and, in this capacity, he is the Petitioner's actual custodian.

## FACTS

12.    Petitioner, Sheilla Petit Jean is a 50-year-old female native and citizen of Haiti who resides in Union, New Jersey.  She has been a Haitian PS holder for over

4

a decade. Due to Respondents' decision to abruptly revoke Haitian TPS she finds herself subject to detention at her next ICE reporting date in Newark, New Jersey on February 4, 2026 where she has been instructed to appear with a passport and ticket to Haiti. In addition, she has been under an Order of Supervision faithfully complying while her I-130 petition, I-212 waiver and I-601A waiver were all approved. She was in the last stages of consular processing but her mother died and she has a pending re-instatement of her I-130 petition under 204l reinstatement, previously known as humanitarian reinstatement. See Attached Exhibit B (TPS work authorization), Exhibit C, I-130 Approval, Exhibits D, I-212 Waiver Approval, and Exhibit E. I-601 Waiver Approval.

13.    Petitioner first entered the United States on or about November 2, 2000 and has not left since.

14.    Petitioner is subject to a final order of removal issued by the Board of Immigration Appeals on May 28, 2004.

15.    Following the issuance of that removal order, Haiti was designated for Temporary Protected Status ("TPS"). Petitioner has been under TPS protection since 2010 and has dutifully complied with the terms of her Order of Supervision by regularly reporting to U.S. Immigration and Customs Enforcement ("ICE").

16.    On or about June 20, 2010, Petitioner's mother, Lulianne Jean-Felix, who was then a lawful permanent resident of the United States, filed a Form I-130,

Petition for Alien Relative, on Petitioner's behalf. The Form I-130 was approved on April 6, 2014.  <u>See</u> Exhibit C. I-130 Approval.

17.    Following the approval of the Form I-130, Petitioner applied for a Form I-212, Application for Permission to Reapply for Admission After Deportation or Removal, in order to waive inadmissibility arising from her prior order of removal.

18.    Petitioner's Form I-212 was approved on September 28, 2019. The approval notice reflects that U.S. Citizenship and Immigration Services exercised favorable discretion under the authority of the Secretary of Homeland Security in granting the application.  <u>See</u> Exhibit D. I-212 Waiver Approval.

19.    After receiving approval of her Form I-212 waiver, Petitioner was subsequently granted an unlawful presence waiver pursuant to Form I-601A, Provisional Unlawful Presence Waiver, which was approved on December 2, 2019.  <u>See</u> Exhibit E. I-601 Waiver Approval.

20.    Petitioner's mother, Lulianne Jean-Felix, passed away on October 4, 2020, at the age of 65.

21.    Petitioner has submitted all required documentation to the National Visa Center in order to proceed with consular processing and has a pending request for reinstatement of the previously approved Form I-130 petition, which was automatically terminated upon the death of her mother but is eligible for reinstatement pursuant to applicable regulations.

22.    Since February 2025, Petitioner has been employed as a freelance medical interpreter with Connect Language Services.

23.     On September 5, 2025, during a routine check-in pursuant to her Order of
        Supervision with ICE, Petitioner was placed on electronic monitoring and
        fitted with an ankle monitoring device.

24.     Haiti's designation for Temporary Protected Status was originally scheduled
        to terminate on September 2, 2025. Pursuant to a federal court order issued
        in Lesly Moit, et al. v. Trump, 25-cv-02471(ACR)(D.D.C. February 2, 2026)(the
        termination of TPS was stayed under the Administrative Procedure Act, and
        TPS remains in effect "pending judicial review")

25.     In addition, Petitioner is the beneficiary of an approved Form I-212 waiver
        and an approved Form I-601A waiver, and she remains protected under
        Temporary Protected Status, which is currently in effect.

26.     Respondents have implemented a policy of mandatory detention for
        individuals deemed not to have been admitted to the United States that
        mandates detention with no release retroactively to all persons who were
        not "admitted" to the U.S.  Petitioner had originally been instructed to appear
        at ICE Newark, NJ on January 12, 2026.  She filed her first habeas corpus
        petition and was not physically detained but she continues to be confined to
        constructive custody of an ankle bracelet.  As a result, that petition was
        voluntary dismissed.  However, Petitioner has been instructed to report to
        ICE with passport and tickets for Haiti on February 4, 2026, and, again,
        reasonably fears that she will be taken into physical custody,
        notwithstanding her continued protection under TPS and the pending federal
        court TPS case.

27.    Because Petitioner's TPS status was unlawfully revoked in violation of the APA, Petitioner should remain protected under TPS and is already subject to constructive custody through electronic monitoring.  Thus, physical detention is unwarranted. As a TPS holder Petitioner cannot be removed. Thus, since she cannot be removed any detention has no connection to actual removal. Petitioner has fully complied with all conditions of supervision and has satisfied all discretionary equities through the approval of her immigration waivers. Petitioner seeks habeas relief to prevent unlawful physical detention based solely on a blanket mandatory detention policy while her TPS designation should remain in effect and while her request for reinstatement of the previously approved Form I-130 petition is pending.

28.    Absent this court's intervention, the Petitioner will suffer injury by being deprived of her physical liberty.   She seeks the only avenue of judicial review available to her, habeas review.

29.    The Suspension Clause of the United States Constitution states:  "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, Section 9, cl 2.

30.    The Respondents do not claim that we are in a time of formal suspension of habeas corpus.  Habeas was precisely enacted to prohibit arbitrary and unlawful government detention.

## COUNT I

31.    The allegations contained in paragraphs 1 through 30 above are repeated and realleged as though fully set forth herein. Petitioner's detention violates the Suspension Clause of the United States Constitution.

## COUNT II

32.    The allegations contained in paragraphs 1 through 30 above are repeated and realleged as though fully set forth herein. Petitioner's detention (and constructive custody under the electronic monitoring program) violates the Due Process clause of the United States Constitution.

## COUNT III

33.    The allegations contained in paragraphs 1 through 30 are repeated and realleged as though fully set forth herein. Petitioner's detention is improper under INA §235, INA §236, policy and is not authorized by the Immigration and Nationality Act.

## COUNT IV

34.    The allegations contained in paragraphs 1 through 30 are repeated and realleged as though fully set forth herein. Petitioner's detention is improper under the Administrative Procedures Act (APA), 5 U.S.C. §§551-559.

## COUNT V

35.    The allegations contained in paragraphs 1 through 30 are repeated and realleged as though fully set forth herein. Petitioner's detention is improper under federal court order, Haitian Evangelical Clergy Ass'n. v. Trump, 25-cv-1464 (BMC)(extending Haitian Temporary Protected Status through February 3, 2026).

The protections under TPS and federal court order would be meaningless if Petitioner could be arbitrarily detained.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court:

1.  Issue a Writ of Habeas Corpus directed to Respondents requiring them to immediately release the Petitioner from the Order of Supervision and ankle monitor and enjoin the Respondents from detaining the Petitioner while TPS status and her reinstatement efforts are pending.

2.  Award Petitioner costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

3.  Grant any other and further relief that this Court may deem necessary and proper.


     s/ Regis Fernandez                              Dated:  February 2, 2026
Regis Fernandez, Esq. (RF-0555)
7 Federal Square
Newark, NJ 07102
(973) 297-0002 (Tele)
(973) 297-0003 (Fax)
Attorney for Petitioner

## VERIFICATION BY COUNSEL

I, Regis Fernandez, declare under penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1.      I am the attorney for plaintiff-petitioner in this matter and am personally familiar with the facts of his case;

2.      I have read the allegations contained in the foregoing Petition and to the best of my knowledge, those allegations are true based upon my personal knowledge, information and belief.

3.      I have also reviewed the documents attached to this habeas petition and confirm that they are true copies of the originals and that all the facts or allegations ascertained therein are true and correct to the best of my knowledge and experience.

Executed on February 2, 2026

  s/  Regis Fernandez
REGIS FERNANDEZ, ESQ.

## VERIFICATION

I, Sheilla Petit Jean, declare under penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1.      I am the Petitioner in this matter.

2.      I have read the allegations contained in the foregoing Petition and to the best of my knowledge, those allegations are true based upon my personal knowledge, information and belief.

3.      I have also reviewed the documents attached to this habeas petition and confirm that they are true copies of the originals and that all the facts or allegations ascertained therein are true and correct to the best of my knowledge and experience.


  s/ Sheilla Petit-Jean
SHEILLA PETIT-JEAN                                        Dated; February 2, 2026

## LIST OF EXHIBITS

A.    <u>Lesly Moit, et al. v. Trump,</u> 25-cv-02471(ACR)(D.D.C. February 2, 2026)

B.    Petitioner's last TPS work authorization;

C.    I-130 Petition Approval by LPR mother for Petitioner

D.    Petitioner's Approved I-212 Waiver of Deportation

E.    Petitioner's Approved I-601 Unlawful Presence Waiver;

F.    Petitioner's ISAP/Ankle Monitor Form with Translation and January 12, 2026 ICE Appointment.



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRITZ EMMANUEL LESLY MIOT, et al.,

*Plaintiffs*,

v.

DONALD J. TRUMP, et al.,

*Defendants*.

Case No. 25-cv-02471 (ACR)

## ORDER

Having considered the Second Amended Complaint, Dkt. 90, the briefs and arguments of counsel, and the evidence filed in support of and in opposition to Plaintiffs' Renewed Motion for a Stay Under 5 U.S.C. § 705, Dkt. 81, and the Government's Motion to Dismiss, Dkt. 80, and for the reasons detailed in the accompanying Memorandum Opinion, the Court hereby:

**GRANTS** Plaintiffs' Renewed Motion for a Stay Under 5 U.S.C. § 705, Dkt. 81; and so,

**STAYS** (*i.e.*, **POSTPONES**) the effective date of Department of Homeland Security Secretary Kristi Noem's Termination of the Designation of Haiti for Temporary Protected Status, 90 Fed. Reg. 54733 (Nov. 28, 2025) (Termination), pending judicial review. During the stay, the Termination shall be null, void, and of no legal effect. The Termination therefore does not affect the protections and benefits previously conferred by the TPS designation, including work authorization and protection from detention and deportation, and the valid period of work authorization extends during the stay. *See* 8 U.S.C. § 1254a(a)(1)–(2), (d)(4). The Termination also has no effect on the eligibility for work authorization and protection from detention and deportation for individuals, if any, with pending applications. *See id.* § 1254a(a)(4)(B); 8 C.F.R. § 244.10(a), (e).

1

The Court further:

**DENIES** the Government's Motion to Dismiss, Dkt. 80, without prejudice.  The Court's conclusion that it has jurisdiction to hear Plaintiffs' Motion applies equally to the Government's Motion.  The Court's separate conclusion that Plaintiffs are likely to succeed on the merits of their claims necessarily entails its view that they plausibly stated their claims.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To the extent the Government believes that arguments for dismissal remain outstanding, it may refile a motion to dismiss limited to those issues.

The Government contends that Plaintiffs cannot bring an Administrative Procedure Act claim against the U.S. President.  *See* Dkt. 80 at 36.  The Court need not address this issue, as Plaintiffs have forfeited their APA claim against the President.  *See* Dkt. 93 at 31 n.5.  In any event, nothing in the Memorandum Opinion or this Order, which stays the Secretary's Termination, should be construed as an order constraining the President.

**SO ORDERED.**

Date: February 2, 2026

ANA C. REYES
United States District Judge



09.228



UNITED STATES OF AMERICA
EMPLOYMENT AUTHORIZATION

Surname
PETIT-JEAN
Given Name
SHEILLA
USCIS#               Category  Card#
078-745-547    A12    IOE0916464463
Country of Birth
Haiti
Terms and Conditions
None
Date of Birth        Sex
01 FEB 1976    F
Valid From           02/04/23
Card Expires         08/03/24
NOT VALID FOR REENTRY TO U.S.



IAUSA0787455479I0E0916464463<<
7602012F2408035HTI<<<<<<<<<<<3
PETIT<JEAN<<SHEILLA<<<<<<<<<<



## U.S. Citizenship and Immigration Services

MENU

Home > Humanitarian > Temporary Protected Status > Temporary Protected Status Designated Country: Haiti

# Temporary Protected Status Designated Country: Haiti

> ℹ **ALERT:** Secretary of Homeland Security Kristi Noem has terminated Temporary Protected Status for Haiti and TPS benefits will no longer be in effect starting at 11:59 p.m. on Feb. 3, 2026. Additional information is available in the Federal Register notice.

| | |
|---|---|
| **TPS Designated Through:** | Feb. 3, 2026 |
| **Initial Registration Period for Individuals Who Do Not Currently Have TPS:** | July 1, 2024, through Aug. 3, 2025 |
| **Employment Authorization Document (EAD) Auto-Extended Through:** | Feb. 3, 2026 |
| **Continuous Residence Date in United States Since:** | June 3, 2024 |
| **Continuous Physical Presence in United States Since:** | Aug. 4, 2024 |
| **TPS Designation Date:** | Aug. 4, 2024 |



Need Help?
Chat with Emma™

- [86 FR 41863](#) (Aug. 3, 2021)
- [85 FR 79208](#) (Dec. 9, 2020)
- [86 FRN 50725](#) (Sep. 10, 2021)
- [87 FR 68717](#) (Nov. 16, 2022)

**Federal Register Notice Citations:**

- [88 FR 5022](#) (Jan. 26, 2023)
- [89 FR 54484](#) (July 1, 2024)
- [90 FR 10511](#) (Feb. 24, 2025)
- [90 FR 28760](#) (July 1, 2025)
- [90 FR 54733](#) (Nov. 28, 2025)

↗ Close All   ↗ Open All

## Where to File                                     ⌄

## Automatic Employment Authorization Document (EAD) Extension   ⌄

## Other Immigration Options                         ⌄

## Avoid Scams                                       ⌄

## Related Links                                     ⌄

↗ Close All   ↗ Open All

Last Reviewed/Updated: 11/28/2025



Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797, Notice of Action

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | CASE TYPE I130 IMMIGRANT PETITION FOR RELATIVE, |
|---|---|
| WAC-10-901-28889 | FIANCE(E), OR ORPHAN |
| RECEIPT DATE | PETITIONER A059 853 789 |
| June 25, 2010 | PRIORITY DATE June 20, 2010 | JEAN FELIX, LULLIANNE |
| NOTICE DATE | PAGE | BENEFICIARY A078 745 547 |
| April 6, 2011 | 1 of 1 | PETIT JEAN, SHEILLA |

REGIS FERNANDEZ
18 GREEN STREET 3RD FLOOR
NEWARK NJ 07102

Notice Type: Approval Notice

Section: Unmarried son or daughter (21 or older) of LPR, 203(a)(2)(B) INA

The above petition has been approved. We have sent the original visa petition to the Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909. NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post is the appropriate consulate to complete visa processing. NVC will then forward the approved petition to that consulate.

The NVC will contact the person for whom you are petitioning (your beneficiary) concerning further immigrant visa processing steps.

If you have any questions about visa issuance, please contact the NVC directly. However, please allow at least 90 days before calling the NVC if your beneficiary has not received correspondence from the NVC. The telephone number of the NVC is (603) 334-0700.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
Customer Service Telephone: (800) 375-5283





09, 228



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigrations Services
970 Broad Street
Newark NJ 07102

September 28, 2018

Sheilla PETIT-JEAN                    A078 745 547
635 Thoreau Terrace                   MSC1828550087
Union NJ 07083                        DOS Number:PTP2011601058

Conditional Approval of Form I-212

Ms. Sheilla PETIT-JEAN:

Reference is made to Form I-212, Application for Permission to Reapply for Admission Into the United States after Deportation or Removal that you filed with United States Citizenship and Immigration Services (USCIS) on or about August 27, 2018.

You filed Form I-212 to seek advance consent to reapply for admission into the United States as departure from the United States would execute the order of deportation and render you inadmissible under section 212(a)(9)(A) of the Immigration and Nationality Act (INA).

Title 8, Code of Federal Regulations (8 CFR) section 212.2(j) allows for an alien whose departure will execute an order of deportation to apply for advance approval by filing Form I-212 with USCIS. USCIS has adjudicated your Form I-212 on its merits and analyzed your eligibility for relief by considering both the negative and positive factors as guided by current published precedent decisions. Based on the weight of the evidence, USCIS used the discretion of the Secretary of Homeland Security favorably. Your Form I-212 is hereby <u>conditionally approved</u> and will become effective upon the execution of your outstanding order of deportation.

Sincerely,

Paulo Gorriea
Field Office Director

Cc: Attorney



Department of Homeland Security
U.S. Citizenship and Immigration Services    09 · 229   3F    **Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number LIN1990251201 | USCIS Online Account Number | Case Type 1601A - PROVISIONAL UNLAWFUL PRESENCE WAIVER |
|---|---|---|
| Received Date 02/04/2019 | Priority Date | Applicant A078 745 547 SHEILLA   PETIT JEAN |
| Notice Date 12/02/2019 | Page 1 of 2 | |

SHEILLA PETIT JEAN
c/o REGIS FERNANDEZ
LAW OFFICE OF REGIS FERNANDEZ
7 FEDERAL SQUARE
NEWARK NJ  07102

**Notice Type:** Approval Notice

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. This is a courtesy copy, not the official notice.

**What the Official Notice Said**

U.S. Citizenship and Immigration Services (USCIS) has approved your Application for Provisional Unlawful Presence Waiver, Form I-601A.

USCIS has notified the Department of State of the approval of your provisional unlawful presence waiver application. This completes all USCIS action on your application. If you have any questions about your immigrant visa processing, please contact the National Visa Center (NVC) directly by e-mail using the online public inquiry form at nvc.state.gov/ask. You can also call NVC's Customer Assistance Center at (603) 334-0700, Monday through Friday from 7:00 am to midnight, Eastern Standard Time. If you have questions about your Diversity Visa processing, please contact the Kentucky Consular Center (KCC). The KCC's email address is KCCDV@state.gov and its telephone number is (606) 526-7500.

The approval of your provisional unlawful presence waiver is subject to the conditions established in Title 8, Code of Federal Regulations (8 CFR), section 212.7(e)(12). Under this regulation, the approval will not take effect until each of these requirements is met:

- You have left the United States; AND

- You have appeared at a U.S. Embassy or Consulate for an interview in connection with your application for an immigrant visa based on an approved immediate relative visa petition; AND

- A U.S. consular officer has determined, in light of the approval of your provisional unlawful presence waiver, that you are otherwise eligible for an immigrant visa based on an approved immediate relative visa petition.

**NOTE:** The approval of your provisional unlawful presence waiver only covers the grounds of inadmissibility for unlawful presence in the United States under section 212(a)(9)(B)(i)(I) and (II) of the Immigration and Nationality Act (INA).

A consular officer will determine whether you are subject to any other grounds of inadmissibility and whether you are eligible for an immigrant visa at the time of your visa interview at a U.S. Embassy or consulate. If a consular officer determines that you are inadmissible for any reason other than prior unlawful presence in the United States or if a consular officer determines that you are otherwise ineligible for the immigrant visa, this provisional waiver is automatically revoked. As a result, the consular officer may refuse the immigrant visa or you may need to submit to USCIS a separate waiver application (the Form I-601, Application for Waiver of Grounds of Inadmissibility), requesting a waiver for each ground of inadmissibility (if waivable under the current law) that may apply to you, including prior unlawful presence under INA section 212(a)(9)(B).

**Limitation of Approved Provisional Unlawful Presence Waivers**

Approval of your provisional unlawful presence waiver **DOES NOT**:

- Address any other grounds of inadmissibility besides unlawful presence; for example criminal grounds, fraud, or prior removals.

- Change the requirement that you must depart the United States to obtain an immigrant visa at a U.S. Embassy or consulate abroad.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Nebraska Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 82521
Lincoln NE 68501-2521

USCIS Contact Center: www.uscis.gov/contactcenter

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

---

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number LIN1990251201 | USCIS Online Account Number | Case Type I601A - PROVISIONAL UNLAWFUL PRESENCE WAIVER |
|---|---|---|
| Received Date 02/04/2019 | Priority Date | Applicant A078 765 547 SHEILLA   PETIT JEAN |
| Notice Date 12/02/2019 | Page 2 of 2 | |

. Give you any legal immigration status or allow you to obtain a legal status in the United States.

. Protect you from removal proceedings or stay the execution of a final order of removal.

. Allow you to work in the United States.

. Guarantee that you will be issued an immigrant visa by the Department of State.

. Guarantee your admission to the United States by U.S. Customs and Border Protection (CBP).

. Authorize parole or advance parole to return to the United States without an immigrant visa.

NOTE: If you depart the United States and enter or attempt to reenter without being inspected and admitted, or paroled, your approved provisional unlawful presence waiver will become invalid.

### ***NOTICE***

#### I-601A Applicants in Removal Proceedings

If you are in removal proceedings, obtain a termination or dismissal order from EOIR. If you are in removal proceedings and USCIS approves your Form I-601A, it is important that you seek an order from EOIR that terminates or dismisses your removal proceedings **before** you leave the United States. Leaving the United States before your removal proceedings are terminated or dismissed may delay processing of your immigrant visa based on another ground of inadmissibility. Leaving the United States before your removal proceedings are terminated or dismissed may also result in the automatic revocation of your approved provisional unlawful presence waiver. Visit the USCIS Web site at www.uscis.gov/provisionalwaiver for information about how to seek termination or dismissal of your removal proceedings before you depart the United States.

You and/or your legal representative should contact the relevant U.S. Immigration and Customs Enforcement (ICE) Office of the Chief Counsel to make arrangements to have your removal proceedings dismissed. A list of ICE Chief Counsel phone numbers is available on the internet at: http://www.ice.gov/contact/opla/. When you contact ICE, please have a copy of this approval notice available for ICE's review.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

NOTICE: Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Nebraska Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 82521
Lincoln NE 68501-2521



USCIS Contact Center: www.uscis.gov/contactcenter

---

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C  04/01/19





ISAP New Brunswick
210 N Center Drive
North Brunswick, NJ 08902

This individual is under an
Intensive Supervision
Appearance Program

In case of Emergency, call:
732-204-8375  ext 6

Hours of Operation
Monday - Friday
8am - 5pm

ISAP
732-204-8375

Department of Homeland Security
Immigration and Customs Enforcement

Continuation Page for Form: **I-220B**

File Number: 1078 745 547

Date: **January 24, 2019**

Alien's Name:
PETIT JEAN, Jean

_____
Alien's Signature

561 Golf Terrace

Union, NJ 07083

862-224-1832
Alien's Telephone Number (if any)

RIGHT INDEX PRINT

PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|------|---------|-----------------|
| 8/7/19 | MW | NEXT REPORT DATE 1/7/20 |
| 1/5/20 | | NRD 1/6/21 |
| 02/03/22 | | NRD 8/9/22 8:00 |

NEED - Paper of
App./Receipt.

Petit Jean, Sheila 078 745 547

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES | |
|------|---------|------------------|---|
| 12/1/2025 | ATD | Next report date to ICE office: | Jan 12, 2026 8am |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |
| | | Next report date: | |